# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

DEANNA M. CHEEK,

        Plaintiff,

vs.

MICHAEL J. ASTRUE,
Commissioner, Social Security
Administration,

        Defendant.

Case No. 11-CV-202-FHM

## OPINION AND ORDER

Plaintiff, Deanna M. Cheek, seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[1] In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United States Magistrate Judge.

## Standard of Review

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to a determination of whether the record as a whole contains substantial evidence to support the decision and whether the correct legal standards were applied. *See Briggs ex rel. Briggs v. Massanari*, 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v. Chater*, 92 F.3d 1017 (10th Cir. 1996); *Castellano v. Secretary of Health & Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept

---

[1] Plaintiff's September 6, 2006, application for disability benefits was denied initially and on reconsideration. A hearing before Administrative Law Judge ("ALJ") Lantz McClain was held September 19, 2008. By decision dated January 7, 2009, the ALJ entered the findings that are the subject of this appeal. The Appeals Council denied Plaintiff's request for review on February 9, 2011. The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Casias v. Secretary of Health & Human Servs.,* 933 F.2d 799, 800 (10th Cir. 1991). Even if the court would have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. *Hamilton v. Secretary of Health & Human Servs.,* 961 F.2d 1495 (10th Cir. 1992).

## **Background**

Plaintiff was 36 years old on the alleged date of onset of disability and 41 on the date of the ALJ's decision. She obtained an associates degree in May 2006. [R. 134]. Plaintiff has past relevant work in apartment leasing and as a tutor. She claims to have been unable to work since January 1, 2004, as a result of foot problems related to surgery for polydactylism, degenerative disc disease, degenerative joint disease, hypertension, diabetes, obesity, and bipolar disorder

.
## **The ALJ's Decision**

The ALJ found that Plaintiff has the residual functional capacity (RFC) to perform the exertional requirements of light work with the additional limitation of no more use of the hands for manipulation than in her past job as a tutor, and limited to no more than simple repetitive tasks with incidental contact with the public. [R. 16]. Based on the testimony of a vocational expert, the ALJ found that there are a significant number of jobs in the national economy that Plaintiff could perform with these limitations. [R. 19]. The case was thus decided at step five of the five-step evaluative sequence for determining whether a

claimant is disabled. *See Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

## Plaintiff's Allegations

Plaintiff argues that the denial decision should be reversed because the ALJ ignored the medical opinion of her treating physician, Dr. Cates.

## Analysis

Dr. Cates signed a Mental Status Form dated June 4, 2007. The form noted, *inter alia*, that Plaintiff has the ability to reason when not anxious or fearful of consequences and she lacks follow through and concentration. The form also notes that Plaintiff can remember and carry out simple tasks, "but may not or won't" and that she does not respond well to work pressure, supervision, and coworkers but "freezes up." [R. 457]. Concerning her progress, the form states "prognosis is determined by clients participation, and at this time is poor." *Id*.

In the decision, the ALJ outlined Plaintiff's treatment records, in so doing the ALJ provided exhibit references, but did not include the name of the care provider. The ALJ noted Plaintiff's April 20, 2007 visit to Dr. Cates and cited Dr. Cates' comment that Plaintiff's symptoms did not meet the criteria for a major depressive episode. [R. 17, 459]. The ALJ also cited the June 4, 2007 note on the Mental Status Form that Plaintiff's progress was determined by her participation, which was poor at the time. [R. 17, 457].

Plaintiff argues that the decision should be reversed and remanded because the ALJ ignored the opinion of Dr. Cates as a treating physician and did not perform the analysis required to determine what weight is to be accorded to a treating physician's

opinion under 20 C.F.R. §§ 404.1527(d)(2) and 416.927(d)(2). The Commissioner argues that since the record reflects that Dr. Cates saw Plaintiff only one time before he signed the June 2007 form, Dr. Cates did not have the ongoing treatment relationship with Plaintiff to qualify as a treating physician under the terms of 20 C.F.R. §§ 404.1502, 416.902, and *Doyl v. Barnhart*, 331 F.3d 758, 761-64 (10th Cir. 2003)(recognizing treating physician rule is based on the assumption that the physician has dealt with claimant over a period of time and has gained insight into the medical condition). In reply, Plaintiff asserts that the Commissioner's argument is an impermissible *post hoc* justification for the ALJ's rejection of Dr. Cates' opinion, and further that Dr. Cates did qualify as a treating physician. [Dkt. 18].

The Court finds that since the ALJ cited it, he did not ignore the Mental Status Form. The Court rejects Plaintiff's contention that the Commissioner's argument is an impermissible *post hoc* justification for the ALJ's decision. The Commissioner merely responded to Plaintiff's arguments. The Court finds that at the time Dr. Cates signed the Mental Status Form, he did not qualify as a treating physician and therefore his opinion was not due the analysis set out in 20 C.F.R. §§ 404.1527, 416.927, and *Watkins v. Barnhart,* 350 F.3d 1297, 1300 (10th Cir.2003)(setting out analysis).

The record reflects that Dr. Cates saw Plaintiff one time before he signed the Mental Status Form. On April 20, 2007 Dr. Cates saw Plaintiff for a 19 minute "pharmacological management" visit. [R. 459, 474]. Dr. Cates saw Plaintiff for a second time for 14 minutes, again for a "pharmacological management" visit on July 14, 2007, which was <u>after</u> the Mental Status Form was signed. [R. 529].

The treating physician rule, which gives controlling weight to a treating physician's opinion "is based on the assumption that a medical professional *who has dealt with a claimant and his maladies over a long period of time* will have a deeper insight into the medical condition of the claimant than will a person who has examined a claimant but once, or who has only seen the claimant's medical records." *Doyal v. Barnhart*, 331 F.3d 758, 762 (10th Cir. 2003 (quoting *Barker v. Shalala*, 40 F.3d 789, 794 (6th Cir. 1994)(emphasis added by *Doyal* Court). In *Doyal,* the Tenth Circuit quoted the Supreme Court's comments in *Black & Decker Disability Plan v. Nord*, 583 U.S. 822, 832, 123 S.Ct. 1965, 1971, 155 L.Ed.2d 1034 (2003), "the assumption that the opinions of a treating physician warrant greater credit than the opinions of [other experts] may make scant sense when, for example, the relationship between the claimant and the treating physician has been of short duration." *Doyal*, 331 F.3d at 762. The *Doyal* Court concluded that a physician's opinion is not entitled to deferential treatment where the physician saw the claimant only once. *Id*. at 763. Based on the fact that Dr. Cates saw Plaintiff only one time before he signed the Mental Status Form, the court finds that the ALJ cannot be faulted for failing to consider the Mental Status Form as a treating physician's opinion.

Further, to the extent the Mental Status Form can be read to contain work-related limitations, the ALJ's RFC which limited Plaintiff to the performance of simple repetitive tasks with incidental contact with the public, [R. 16], incorporates those limitations. To the extent that the Mental Status Form can be read to contain limitations not contained in the RFC, the court finds that the RFC limitations are supported by substantial evidence in the record, including the mental consultative examination report, [Dkt. 411], and the opinions

of two State Disability Determination Service mental health experts who reviewed the record and concluded that Plaintiff can perform simple and some complex tasks, can interact appropriately with others on a superficial level, and can adapt to a work situation. [R. 430, 456]. Although the ALJ is not bound by the findings made by State agency psychological consultants, the regulations instruct that these consultants are "highly qualified physicians and psychologists who are also experts in Social Security disability evaluation" whose findings must be considered as opinion evidence. 20 C.F.R. § 404.1527(f)(2)(i); 20 C.F.R. § 416.927(f)(2)(i).

## Conclusion

The Court finds that the record contains substantial evidence supporting the ALJ's denial of benefits in this case, and that the ALJ applied the correct standards in evaluating the evidence. Therefore the Commissioner's denial of benefits is AFFIRMED.

SO ORDERED this 21st day of June, 2012.

*Frank H. McCarthy*
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE